RCARTER, Judge and REDMANN, Judge,
dissenting.
We do not agree with the majority that the notice issued to LAMMICO did not fairly inform LAMMICO that its obligation was to show cause why it should not cease and desist from continuing to surcharge surgeons who used certified registered nurse anesthetists (CRNAs).
LSA-R.S. 49:956(1) provides, in pertinent part:
Agencies may admit and give probative effect to evidence which possesses probative value commonly accepted by reasonably prudent men in the conduct of then-affairs.
Thus, the surveys and studies that were presented to show an equivalence in anesthesia outcomes as between anesthesiologists and CRNAs were proof that the use of either anesthesia-administerer makes no statistical difference in the occurrence of untoward events.
That is, of course, not the same thing as direct proof that an insurer assumes no greater risk (e.g., possibly higher costs of defense) in insuring a surgeon who operates with a CRNA rather than an anesthesiologist. Nevertheless, when the evidence establishes no significant difference in outcomes between the two, that same evidence further permits the inference (as “reasonably pru *1057 dent men in the conduct of their affairs” might reasonably infer) that the insurer who assumes the risks and defense of a surgeon using CRNAs has no greater exposure than an insurer insuring surgeons using anesthesiologists.
We also respectfully submit that the evidence is clear that the premium surcharge was unfairly discriminatory. The administrative hearing officer had a reasonable basis upon which to invalidate the surcharge for insurance for physicians using CRNAs.
Therefore, we would affirm the judgment of the trial court which affirmed the decision of the Commissioner of Insurance.